WO                                                                                          SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

James Krugel,                        )   No. CV 07-1798-PHX-MHM (JJM)
                                     )
       Plaintiff,             )
                                     )
vs.                                  )
                                     )   **ORDER**
                                     )
James Baird, et al.,                 )
                                     )
       Defendants.            )
                                     )
_____)

Defendants have filed a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Doc. #50.) Although Plaintiff has filed a response, no Notice was sent as required by Rand v. Rowland, 154 F.3d 952, 962 (9th Cir. 1998) (*en banc*). Therefore, the Court will give Plaintiff additional time to file a supplemental response if he chooses.

## NOTICE--WARNING TO PLAINTIFF
*THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT*

The Defendants' Motion for Summary Judgment seeks to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact, *i.e.*, if there is no real dispute about any fact that would affect the result of your

case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.

**Documentary Evidence Required** - Plaintiff is warned that each fact must be supported by documentary evidence. It is not enough to merely allege that a fact exists. You cannot simply rely on what your complaint says. Instead, you must set show specific facts in sworn affidavits, declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.

If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**Statement of Facts Requirements -** Rule 56.1(b) of the Local Rules of Civil Procedure also requires that you submit with your response to the Motion for Summary Judgment a separate statement of facts in opposition to the Motion for Summary Judgment. Your separate statement of facts must include numbered paragraphs corresponding to the Defendants' ("moving party's") separate statement of facts:

> (b) Any party opposing a motion for summary judgment shall file a statement, separate from that party's memorandum of law, setting forth: (1) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position [for example, affidavit, deposition, discovery response, etc.] if the fact is disputed; and (2) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party. Each additional fact shall be set forth in a separately numbered paragraph and shall refer to a specific admissible portion of the record where the fact finds support. Each numbered paragraph of the statement of facts set forth in the moving party's separate statement of facts shall, unless otherwise ordered, be deemed admitted for purposes of the motion for summary judgment if not specifically controverted by a correspondingly numbered paragraph in the opposing party's separate statement of facts.

L.R.Civ. 56.1(b). The Statement of Facts **must** set forth the specific facts upon which you rely in support of your position opposing Defendants' Motion for Summary Judgment. The facts must be set forth in regular succession, numbered individually, and each must be accompanied by a reference to where the evidentiary support for each fact may be located

in the record (i.e., **in an affidavit, deposition transcript, answers to interrogatories, admissions, etc.**).

**References to Statement of Facts** - For any factual claims you make in your memorandum of law, you must cite to the specific paragraph in your statement of facts that supports the factual claim:

> (e) Memoranda of law filed in support of or in opposition to a motion for summary judgment, including reply memoranda, shall include citations to the specific paragraph in the statement of facts that supports factual assertions made in the memoranda.

LR.Civ. 56.1(e).

**Length Limitations** - Additionally, Local Civil Rule 7.2(e) provides:

> Unless otherwise permitted by the Court, a motion including its supporting memorandum, and the response including its supporting memorandum, each shall not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts. Unless otherwise permitted by the Court, a reply including its supporting memorandum shall not exceed eleven (11) pages, exclusive of attachments. Attachments shall exclude materials extraneous to genuine issues of material fact or law.

Accordingly, your response to the Motion for Summary Judgment (including your Memorandum of Law in support of the response) may not exceed seventeen (17) pages in length, without the prior approval of the court. Attachments in support of your responsive memorandum are not included in the seventeen page limit; nor is the **required** Statement of Facts.

**Motions to Strike** - Further, Local Civil Rule 7.2(m)(2) provides:

> An objection to the admission of evidence offered in support of or opposition to a motion must be presented in the objecting party's responsive or reply memorandum (or, if the underlying motion is a motion for summary judgment, in the party's response to another party's separate statement of material facts) and not in a separate motion to strike or other separate filing. Any response to the objection must be included in the responding party's reply memorandum for the underlying motion and may not be presented in a separate responsive memorandum.

Accordingly, motions to strike challenging the admission of evidence with respect to this motion will, in all likelihood, be stricken.

**Failure to Comply** - Finally, Rule 7.2(i) of the Local Rules of Civil Procedure provides:

> If a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the unrepresented party or counsel does not serve and file the required answering memoranda, or if the unrepresented party or counsel fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

L.R.Civ. 7.2(i).

You must timely and properly respond to all motions. The Court may, in its discretion, treat your failure to respond to Defendants' Motion for Summary Judgment as a consent to the granting of that Motion without further notice, and judgment may be entered dismissing this action with prejudice pursuant to Rule 7.2(i) of the Local Rules of Civil Procedure. See Brydges v. Lewis, 18 F.3d 651 (9th Cir. 1994) (*per curiam*).

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge as to Defendants' Motion for Summary Judgment (Doc. #50) is **withdrawn**. All other matters shall remain with the Magistrate as appropriate.

(2) Plaintiff has **30 days** from the date this Order is filed to file a supplemental response to Defendants' Motion for Summary Judgment, together with supporting affidavits or other appropriate exhibits and a separate Statement of Facts.

(3) Defendants have 15 days from the date of filing a supplemental response to file a supplemental reply.

DATED this 29th day of June, 2010.

_____
Mary H. Murguia
United States District Judge

- 4 -